IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NECHOLAS NOEL and CARTION NOEL,<br><br>　　　　　Appellants,<br><br>　　v.<br><br>ONEWEST BANK F/D/B/A INDYMAC BANK,<br><br>　　　　　Appellee. | CIVIL ACTION<br>NO. 13-390 |

**OPINION**

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**August 2, 2013**

## I.　INTRODUCTION

　　Appellants, Necholas and Cartion Noel, are a husband and wife who defaulted on a construction loan obtained from non-party IndyMac Bank, F.S.B. ("IndyMac"). (Doc. No. 5-1 at 5.) Appellee OneWest Bank, formerly doing business as (f/d/b/a) IndyMac Bank, ("OneWest") is a California bank which serviced Appellants' loan. (Doc. No. 5 at 8.)

　　Appellants defaulted on their loan and filed for Chapter 13 bankruptcy. (Doc. No. 5-1 at 11.) Thereafter, Appellants filed an adversary action against Appellee OneWest in the United States Bankruptcy Court for the Eastern District of Pennsylvania, alleging breach of contract and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (Doc. No. 5-1 at 9-14.) The Bankruptcy Court dismissed Appellants' case for failure to timely file an amended complaint, pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 5-1 at 5-6.) Appellants filed this timely appeal from the decision of the Bankruptcy Court, claiming the order granting dismissal was in error. The Court will remand this case to the Bankruptcy Court for reasons that follow.

## II.     FACTUAL BACKGROUND

On March 5, 2002, the Noels obtained a construction loan from IndyMac for $360,110.50.  (Doc. No. 5-1 at 10.)  The loan principal was soon increased to $557,000.  (Id.) On July 11, 2008, IndyMac failed and was seized by the Office of Thrift Supervision ("OTS"). On the same day, the OTS appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for IndyMac.  (Id.)  Through a series of transactions involving the FDIC, certain assets of IndyMac (including the Noels' loan) were transferred to IndyMac Venture, LLC ("IndyMac Venture").  (Id.)  On March 19, 2009, pursuant to a servicing agreement between IndyMac Venture and Appellee OneWest, Appellee began servicing the Noels' loan for IndyMac Venture. (Id. at 8-9.)  On June 17, 2011, the Noels defaulted on their loan and filed for Chapter 13 bankruptcy.  (Doc. No. 5-1 at 11.)

On April 13, 2012, the Noels filed an adversary action against OneWest in the United States Bankruptcy Court for the Eastern District of Pennsylvania, alleging breach of contract and violations of Pennsylvania's UTPCPL.  (Id. at 9-14.)  On May 15, 2012, OneWest moved to dismiss the complaint, arguing that the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") barred the claims of the Noels.  (Id. at 15-37.)  The Bankruptcy Court granted the motion to dismiss on June 26, 2012, and granted the Noels leave to file an amended complaint.  (Doc. No. 5-5 at 17-18.)

On July 16, 2012, an amended complaint was filed.  (Doc. No. 15 at 1-12.)  On August 16, 2012, OneWest filed a motion to dismiss the amended complaint.  (Doc. No. 17 at 1.)  On September 18, 2012, the motion to dismiss the amended complaint was granted, and the Bankruptcy Court ordered that a second amended complaint be filed by October 1, 2012.  (Doc.

No. 28 at 1.) The second amended complaint was filed on October 3, 2012, two days after the filing deadline. (Doc. No. 30 at 1-11.)

On November 29, 2012, the Bankruptcy Court sua sponte dismissed the second amended complaint with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), in the following Order:

> AND NOW, Necholas Noel and Cartion Noel ("the plaintiffs") commenced an adversary proceeding on April 13th, 2012.
>
> AND, the plaintiffs filed an Amended Complaint dated July 16, 2012 [Docket No. 15] (the "Amended Complaint").
>
> AND, this Court entered an Order dated September 18, 2012 [Docket No. 28] (the "Order") dismissing the Amended Complaint.
>
> AND, the Order provided that the Plaintiffs may file an amended complaint with regard to those claims that were dismissed without prejudice by the Order.
>
> AND, the Order further provided that if the Plaintiff did not file an amended complaint within ten days of the entry of the Order, this adversary proceeding would be closed.
>
> AND, consistent with Fed. R. Bankr. P. 9006, the Plaintiffs were required to file their amended complaint on or before October 1, 2012.
>
> AND, the Plaintiffs failed to file an amended complaint on or before October 1, 2012, or otherwise to respond adequately to the Order.
>
> It is hereby ORDERED that:
>
> 1. Consistent with Fed. R. Civ. P. 41(b), as made applicable by Fed. R. Bankr. P. 7041, the above-captioned adversary proceeding is DISMISSED; and
> 2. The clerk shall immediately close this adversary proceeding.

(Doc. No. 5-1 at 5-6.)

On December 12, 2012, the Noels appealed the Bankruptcy Court's November 29, 2012 dismissal Order to this Court. (Doc. No. 39 at 1.)

### III. STANDARD OF REVIEW

The Noels have appealed the November 29, 2012 Order dismissing their claim from Bankruptcy Court pursuant to Federal Rule of Civil Procedure 41(b). Dismissal for failure to comply with a court order is reviewed for abuse of discretion. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990); see also Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 807 (3d Cir. 1986) (reviewing issuance of a court order under an abuse of discretion standard, "recognizing the superior opportunity for the trial judge to assess the challenged conduct"). While appellate courts are to defer to the discretion of trial courts in granting dismissal, "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

The Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a), which provides the following:

> the district courts of the United States shall have jurisdiction to hear appeals from judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Id.

### IV. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss a claim sua sponte "if the plaintiff fails to prosecute or to comply with these rules or a court order." See Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). Before dismissing a case under Rule 41(b), however, courts in the Third Circuit are required to weigh six factors set forth in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 866 (3d Cir. 1984). See United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003). The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. As such, a trial court's lone remark that defendants had "brazenly ignored" the court's order has been held insufficient to justify dismissal under Rule 41(b). See Ali v. Sims, 788 F.2d 954, 958 (3d Cir. 2013).

A dismissal under Rule 41(b) is "extreme" and "must be considered a sanction of last, not first, resort." Poulis, 747 F.2d at 867-69. Courts therefore may only dispense with the Poulis factors in extreme circumstances, such as those demonstrating "contumacious" conduct. See Beard, 907 F.2d at 1429. Even then, a court must still "consider whether the ends of justice would be better served by a lesser sanction." Id.

In hearing this appeal, it is the role of the Court to determine whether the Bankruptcy Court properly balanced the Poulis factors, and whether the record supports its findings. See N'Jai v. Floyd, 296 F. App'x 266, 268 (3d Cir. 2008); see also Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) (noting that "[i]n order that we may properly exercise our function of reviewing for abuse of discretion, we have further required the [trial] court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal"). This Court will not conduct a Poulis analysis, as it would require factual findings not within the parameters of the Court's review. See Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989) (declining to conduct a Poulis analysis on appeal and remanding case to trial court to consider Poulis factors).

5

While the Bankruptcy Court had the discretion to dismiss the Noels' case pursuant to Rule 41(b), it exceeded the scope of this discretion in disregarding the <u>Poulis</u> factors prior to dismissal.  In support of the November 29, 2012 Order of dismissal, the Bankruptcy Court stated that "the Plaintiffs were required to file their amended complaint on or before October 1, 2012," and that "the Plaintiffs failed to file an amended complaint on or before October 1, 2012, or otherwise to respond adequately to the Order."  (Doc. No. 5-1 at 5-6.)  The failure of the Noels to timely file their amended complaint is the only reason provided by the Bankruptcy Court for dismissal of the case.  The <u>Poulis</u> factors were not mentioned in the order, and there is nothing to suggest that the court considered any individual <u>Poulis</u> factor prior to issuing the November 29, 2012 Order of dismissal.

Furthermore, the Bankruptcy Court did not make any findings suggesting the presence of contumacious conduct, which would have obviated the need for a <u>Poulis</u> analysis.  Neither does the order reflect consideration of whether a lesser sanction would have been more appropriate in this case.  Thus, the Bankruptcy Court abused its discretion by dismissing the Noels' case pursuant to Rule 41(b) without first conducting a <u>Poulis</u> analysis to determine whether the dismissal was warranted.

## V.   CONCLUSION

For the reasons stated above, the Bankruptcy Court's November 29, 2012 Order is insufficient to justify dismissal of the action.  Accordingly, this Court will vacate the Bankruptcy Court's Order and remand this matter for further proceedings consistent with this Opinion.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NECHOLAS NOEL and CARTION NOEL,<br><br>    Appellants,<br><br> v.<br><br>ONEWEST BANK F/D/B/A INDYMAC BANK,<br><br>    Appellee. | CIVIL ACTION<br>NO. 13-390 |

**ORDER**

  **AND NOW**, this 2nd day of August 2013, upon consideration of Appellants' Brief (Doc. No. 3), Appellee's Brief with attached Appendix (Doc. No. 5), the arguments of counsel at the March 28, 2013 hearing, and in accordance with the Opinion of the Court issued this day, it is **ORDERED** that:

1. The Order of the Bankruptcy Court dismissing this case is **VACATED**.

2. The Clerk of Court shall **REMAND** this case to the United States Bankruptcy Court for the Eastern District of Pennsylvania for further proceedings consistent with this Order.

3. The Clerk of Court shall close this case for statistical purposes.

                  BY THE COURT:

                  /s/ Joel H. Slomsky
                  JOEL H. SLOMSKY, J.